ACCEPTED
01-1400956-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/30/2014 12:59:24 PM
CHRISTOPHER PRINE
CLERK

## NO. <u>01-14-00956-CV</u>

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/30/2014 12:59:24 PM

CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS FOR THE
## 1st COURT OF APPEALS DISTRICT OF TEXAS
## HOUSTON, TEXAS

## IN RE DUSTIE DAVENPORT,
### Realtor

Original Proceeding
On Petition for Writ of Mandamus from County Probate Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 411333

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

MARCIA PEVEY
Texas Bar No. 00784754
Law Offices of Marcia Pevey
1001 West Loop South, Suite 809
Houston, Texas 77027
Tel: 713-526-9927
Fax: 713-623-2833
Marcia@PeveyLaw.com

Party in Interest

# TABLE OF CONTENTS

I. Index of Authorities.............................................................................................i

II. Statement of the Case....................................................................................iii

III. Issues Presented............................................................................................iii

IV. Distinguishing the Authorities Presented by Petitioner...................................iv

V. Statement of Facts...........................................................................................1

VI. Argument.........................................................................................................3

VII. Prayer..............................................................................................................9

VIII. Certificates of Compliance...........................................................................10

IX. Verification.....................................................................................................11

X. Certificate of Service......................................................................................12

## I.  INDEX OF AUTHORITIES

**Estate Code 2014- 2015**

§ 1151.051. GENERAL POWERS & DUTIES OF GAURDIANS OF THE PERSON

(c) A guardian of the person has

(2) The duty to provide care, supervision, and protection for the ward.

**Case Law**

*Catanzaro v. Weldon*, 188 F.3rd 56, 61-62 (2nd Cir. 1999)............................6

*Court Patel v. Midland Mem. Hosp. & Med. Ctr.*,
298 F. 3rd 333, 341 (5th Cir. 2002).......................................6

*Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*,
290 S.W.3d 204, 209 (Tex. 2009) (orig. proceeding)......................3

*Columbia Med. Ctr.*, 290 S.W.3d
207; *First Meritbank*, 52 S.W.3d at 753.................................5

*Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004)..........................4

*City of San Benito v. Rio Grande Valley Gas Co.*,
109 S.W.3d 750, 757 (Tex. 2003)......................................4

*CSX Corp.*, 124 S.W.3d 149,
152 (Tex. 2003) (orig. proceeding).....................................4

*Derzapf*, 219 S.W.3d 327, 334
(Tex. 2007) (orig. proceeding).........................................5

*Elsmere Park Club, L.P. v Town of Elsmere*,
542 F.3rd 412,417-420 (3rd Cir.2008)..................................6

*First Meritbank, N.A.*, 52 S.W.3d 749,
753 (Tex. 2001) (orig. proceeding).....................................3

*Florey, 329 S.W. 3rd 854, 858. Tex. App.- Eastland 2010*............................7

*Gilbert v. Homar*, 520 U.S. 924, 930, 117 S.Ct. 1807................................6

*Halloway v. Fifth Circuit of Appeals*
*767 S.W. 2nd 680, 684 (Tex 1989)*................................7

*Johnson v. Fourth Court of Appeals*, 700 S.W.2d
    916, 917 (Tex. 1985) (orig. proceeding). ................................4

*Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d
    627, 630 (Tex. 1996) (orig. proceeding). ................................4

*Prudential Ins. Co. of Am.*, 148 S.W.3d
    124, 138 (Tex. 2004) (orig. proceeding) ................................3

*Prudential Ins. Co.*, 148 S.W.3d at 136................................5

*Rivercenter Assoc. v. Rivera*, 858 S.W.2d
    366, 367 (Tex. 1993) (orig. proceeding) ................................3

*Rogers*, 43 S.W.3d 20, 24
    (Tex. App. — Amarillo 2001, orig. proceeding) ................................5

*Van Waters & Rogers, Inc.*, 145 S.W.3d
    203, 210-11 (Tex. 2004) (orig. proceeding). ................................5

## II.    STATEMENT OF THE CASE

*Nature of the underlying case:*

The underlying case giving rise to this original proceeding is a guardianship of an adult ward. The Ward's Guardian filed a Motion to Restrict Visitation of Relator of the Ward on April 1, 2013 and a Motion to Bar Access by Relator to the Ward on April 17, 2014, resulting in the respective orders.

*Respondent:*

The Honorable Christine Butts, Probate Court No. 4 of Harris County, Texas.

*Orders in Question:*

The Orders in question are brought under Estates Code 1151.051(c)(2) which states a guardian has the <u>duty</u> to provide care, supervision and protection for the Ward.

*Order at issue:*

The trial court's Order to Restrict Visitation signed on September 11, 2013 and the trial court's Order to Bar Access signed on April 23, 2014.

## ISSUES PRESENTED

ISSUE NUMBER ONE:     Whether the Order to Restrict Visitation should be vacated.

ISSUE NUMBER TWO:     Whether the Order to Bar Access should be vacated.

## IV. Distinguishing the Authorities Presented by Petitioner

| | |
|---|---|
| El-Kareh v. Texas Alcoholic Beverage Com'n, 874 S.W.2d 192 (Tex. App. Houston 14th Dist. 1994) | Factually Distinguishable: Civil District Court case between a person and a state commission regarding beer retailers off premise license. All made court appearances. No guardianship or competency issues addressed. |
| General Elec. Co. v. California Ins. Guar. Ass'n, 997 S.W.2d 923 (Tex. App. Beaumont 1999) | Factually Distinguishable: Civil District Court case between corporation and insurance guaranty association regarding the *in personam* jurisdiction of non-resident. No guardianship or competency issues addressed. |
| In re Alpert, 276 S.W.3d 592 (Tex. App. Houston 1st Dist. 2008) | Factually Distinguishable: Probate Court Case Beneficiaries of a trust v. court appointed receiver and her law firm for breach of Fiduciary Duty. Addressing recusal of the Judge and reassignment procedure. No guardianship or competency issues addressed. |
| In re Discount Rental, Inc., 216 S.W.3d 831 (Tex. 2007) | Factually Distinguishable: Civil District Court Case addressing Corporations efforts to prevent sale of property. Improper service of default judgment. No guardianship or competency issues addressed. |
| In re Florey, 329 S.W. 854 (Tex. App. Eastland 2010) | Factually Distinguishable: Family law issue regarding conservatorship of child No guardianship or competency issues addressed. |
| In re Guardianship of B.A.G., 794 S.W.2d 510, 511-512 (Tex. App.- Corpus Christi 1990, no writ) | Factually Distinguishable: Probate Court Case Guardianship issue covered by Estates Code § 1051.103 regarding the statutorily required service on a **proposed** ward. The case at hand concerns protection of a Ward under an established Guardianship. |
| In re Keeling, 227 S.W.3d 391 (Tex. App. | Factually Distinguishable: Criminal case regarding court notification of inmates |

iv

| | |
|---|---|
| Waco 2007) | bill of cost for conviction ( ie: garnishment order). No guardianship or competency issues addressed. |
| In re Mask, 198 S.W.3d 231 (Tex. App. San Antonio 2006) reh'g overruled, (Mar. 31, 2006) | Factually Distinguishable: Probate Court Case Guardianship issue regarding Estate Code § 1251.005 Notice of Application in Temporary Guardianship – requiring clerk to give notice to **proposed** ward. The case at hand concerns protection of a Ward under an established Guardianship |
| In re Parr, 199 S.W.3d 457 (Tex. App. Houston 1st Dist. 2006) | Factually Distinguishable: Family Law Case. Habeas Corpus proceeding. Jurisdictional issues between two Texas counties. No guardianship or competency issues addressed. |
| Mullane v. Central Hanover B. & T. Co., 339 U.S. 306, 314 (1950) | Factually Distinguishable: Supreme Court Case. Regarding the type of notice required of Special Guardian of small-pooled trusts to beneficiaries. Newspaper publication not adequate. No guardianship or competency issues addressed. |
| Schroeder v. New York, 371 U.S. 208, 211 (1962) | Factually Distinguishable: Supreme Court Case regarding condemnation proceeding – otices by publication and posting of hand-bills – not adequate in condemnation proceeding. No guardianship or competency issues addressed. |
| TAC Americas, Inc. v. Boothe, 94 S.W.3d 315, 318-319 (Tex. App.—Austin 2002, no pet.) | Factually Distinguishable: Regarding technical error in process servers return of services. ( Time served was before time received), in personal injury case rendered service not adequate. No guardianship or competency issues addressed. |

## III.  STATEMENT OF FACTS

My name is Marcia Pevey and I am the Guardian of the Person and Estate of Richard Woodside, an incompetent person ("Ward"). *(MR 1,2 & RR 1)*  I first became aware of Dusty Davenport ("Dusty") when Ward's mother resigned as Guardian of his Person due to abusive treatment by Dusty and Ward when Dusty was present.*(RR 15)*  The Court appointed me to serve as Successor Guardian of Ward's Person. *(RR 1)*

The management of Pine Tree, seeking remedy to the problems with Ward and Dusty, contacted me. *(RR 16)* Dusty removed the Ward from Pine Tree without signing him out [a major concern as the Ward is totally without capacity (RR 2- 8 & RR 9)]; Dusty convinced the Ward that he could not have salt or dairy and therefore the food at Pine Tree was bad for him;  Dusty moved her Uncle into Ward's extra bedroom and spent nights. *(RR 16)*

On March 1, 2013 I moved the Ward to his former residence at the Hampton in Pearland in order for him to live closer to his children and get a fresh start. *(RR 16)*  The Hampton requested a Court Order Restricting Visitation of Dusty to the public areas of the Hampton during the daytime hours to prevent the noisy sex when she was in Ward's room. *(RR 16)* The Order when signed was sent to the Hampton and to Dusty Certified Return Receipt Requested (USPS tracking shows that delivery to Dusty attempted, notice left and Letter returned unclaimed). *(RR 10, 11)* Dusty received the order from the Hampton on her next visit. *(MR 15)*. To circumvent the order Dusty got another person to pick up the Ward and did not return him to the Hampton until after the time for his medications causing Ward to

1

become belligerent and aggressive when unable to get medications. *(RR 16)* The Police were called on two occasions to restore order and the incidents were written up for the main office of Brookdale Communities, as per their policies, "black balling" the Ward from their communities. *(RR 16)* Management of the Hampton was unable to manage the Ward while he was under the influence of Dusty. *(RR 16)*

On April 12, 2014 Ward was moved to Westbrae Court Retirement Community. *(RR 16)* Westbrae requested the Order to Bar Contact after Dusty caused disruption in that community both with Ward's children and another resident who was attempting to mentor Ward around facility. *(RR 16)* The Order when signed was taken to Westbrae management and sent to Dusty Certified Return Receipt Requested (USPS tracking shows that delivery received) *(RR 12- 14)* Dusty received the Order from Westbrae management the next time she appeared on the premises. *(MR 15)* Dusty continues to call and email the Ward. *(RR 16)*

2

## IV. ARGUMENT

### Standard for Granting Writ of Mandamus

A. <u>Mandamus Generally</u>

"Mandamus is an extraordinary remedy, available only in limited circumstances." *In re First Meritbank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding); *accord, In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209 (Tex. 2009) (orig. proceeding). As such, mandamus does not issue as a matter of right. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Rivercenter Assoc. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Instead, a writ of mandamus will issue only if a trial court: (1a) violates a duty imposed by law;

*IN THE CASE AT HAND THE PROBATE COURT DID NOT FAIL TO FULFILL A DUTY IMPOSED BY LAW BUT WAS IN FACT FULFILLING ITS STATUTORY "DUTY TO PROVIDE CARE, SUPERVISION AND PROTECTION FOR THE WARD". A DUTY IMPOSED UPON THE COURT'S APPOINTED GUARDIAN BY THE ESTATES CODE §1151.051.*

*THE GUARDIANSHIP SECTION OF THE ESTATES CODE IS CRAFTED ESPECIALLY FOR THE CARE OF INCAPACITATED PERSONS. THE ESTATES CODE IS DISTINGUISHABLE FROM THE OTHER CODES WHICH PRESUME CAPACITY FOR THE PEOPLE GOVERNED. THE WARD IN THIS CASE IS TOTALLY WITHOUT CAPACITY BOTH MEDICALLY AND LEGALLY. THE RELATOR IN THIS CASE ERRONEOUSLY CHARACTERIZES HERSELF AS THE SUBJECT OF THESE ORDERS. THE SUBJECT OF THESE ORDERS IS THE COURT'S WARD AND THE WARD'S CARE, SUPERVISION AND PROTECTION.*

3

or (1b) clearly abuses its discretion;

<u>Abuse of Discretion Defined</u>

In order to show mandamus is proper, the Realtors must prove the trial court abused its discretion. A trial court abuses its discretion only if its decision is so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). This requires the Relators to do more than show that the court below *could* have reached a different conclusion; instead, they must prove it "acted without reference to any guiding rules or principles," *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004), and its decision is arbitrary and unreasonable. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003). The burden of showing an abuse of discretion occurred is a heavy one, *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding), requiring the Realtors to prove the trial court could have only reached one decision, but failed to do so. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding).

*IN THE CASE AT HAND THE PROBATE COURT DID NOT ABUSE DISCRETION WHEN IT SIGNED THE ORDER RESTRICTING VISITATION AND THE LATER ORDER BARING ACCESS. THE PROBATE COURT WOULD ABUSE DISCRETION IF IT REFUSED TO SIGN THESE ORDERS GIVEN THE COURT'S APPOINTED GUARDIAN'S "DUTY TO PROVIDE CARE, SUPERVISION AND PROTECTION FOR THE WARD". THE COURT SIGNED ORDERS IN ORDER TO PRESERVE THE WARD'S ENDANGERED HOME IN THE FACILITIES WHICH REQUESTED THE ORDERS.*

and (2) there is no other adequate legal remedy. *Columbia Med. Ctr.*, 290 S.W.3d at 207; *First Meritbank*, 52 S.W.3d at 753. In addition to proving there is an abuse of

4

discretion, the Realtors must also prove they have no remedy at law. Generally, this requires showing the only remedy available to the Relator is mandamus. *In re Rogers*, 43 S.W.3d 20, 24 (Tex. App. — Amarillo 2001, orig. proceeding). In deciding whether this is the case, the Court must balance the benefits and detriments of mandamus review, *In re Derzapf*, 219 S.W.3d 327, 334 (Tex. 2007) (orig. proceeding); *Prudential Ins. Co.*, 148 S.W.3d at 136, and if the benefits are found to outweigh the detriments, go further and finding that refusing mandamus will either cause a party to permanently lose valuable rights or preclude it from presenting its claims. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210-11 (Tex. 2004) (orig. proceeding).

*THE ORDERS IN QUESTION DO NOT TAKE AWAY ANY LEGAL RIGHT, PROPERTY INTEREST NOR PRIVILEGE OF THE RELATOR. RELATOR IS NOT RELATED TO THE WARD IN ANYWAY; NOT BY BLOOD NOR BY LAW.[1] RELATOR HAS NO RIGHT OF ACCESS TO THE PERSON OF THE WARD AND THEREFORE IS NOT ENTITLED TO NOTICE OR HEARING AS THE ORDERS DO NOT REMOVE ANY LEGAL RIGHT, PROPERTY INTEREST NOR PRIVILEGE FROM HER.[2] WHILE IT IS THE POSITION OF THE RESPONDENT THAT THERE IS NO DEPRIVATION IN THE CASE, IT IS RELEVANT TO CONSIDER THE NOTICE OPTIONS IN A STRONGER CASE WHEN THERE IS DEPRIVATION, IN ORDER TO SHOW THE RESPONDENT REASONABLE IN GIVING NOTICE AFTER THE SIGNING OF THE ORDERS.*

Where a state must act quickly, or where it would be impracticable to provide

---

[1] One cannot help but wonder at the bazaar behavior of the Relator as she continues to pursue a totally incapacitated Ward who does not have the capacity to make marital decisions.

[2] For the Court to affirm such a right would be contrary to the best interest of the general public and would place Court appointed Guardians back in Court to reaffirm the powers given guardians in the Estates Code.

predeprivation process, postdeprivation process satisfies the requirements of the Due Process Clause. *Gilbert v. Homar, 520 U.S. 924, 930, 117 S.Ct. 1807*. Determining whether a Pre-notice of deprivation of property comports with procedural due process therefore requires an evaluation of (1) the State's determination that there existed an emergency situation necessitating quick action and (2) the adequacy of postdeprivation process. *Elsmere Park Club, L.P. v Town of Elsmere, 542 F.3rd 412,417-420 (3rd Cir.2008); Catanzaro v. Weldon, 188 F.3rd 56, 61-62 (2nd Cir. 1999)*. The "key question" in a pre-notice deprivation case is not whether the "was actually a danger" but whether the State had reasonable grounds for believing that a danger existed requiring summary action. *Court Patel v. Midland Mem. Hosp. & Med. Ctr., 298 F. 3rd 333,341 (5th Cir. 2002)*.

***FIRST ORDER IN QUESTION (ORDER RESTRICTING VISITATION) WAS SIGNED TO PRESERVE THE PLACEMENT IN AN UPSCALE ASSISTED LIVING FACILITY. THE PLACEMENT WAS ENDANGERED BY THE QUESTIONABLE ACTIONS OF RELATOR AND THE ORDER WAS REQUESTED IN AN ATTEMPT TO RESOLVE THE DISRUPTIVE INCIDENTS AND THUS PRESERVE THE WARD'S HOME. THE ORDER WAS SENT CERTIFIED RETURN RECEIPT REQUESTED TO RELATOR'S RESIDENCE. RELATOR DID NOT PICK UP THE ORDER AND IT WAS RETURNED UNCLAIMED. RELATOR RECEIVED THE ORDER FROM THE FACILITY. ORDER IS NOW MUTE AS WARD NO LONGER LIVES AT THE HAMPTON OF PEARLAND AND THAT ORDER WAS SPECIFICALLY ADDRESSED TO THE HAMPTON.***

6

*SECOND ORDER IN QUESTION (ORDER TO BAR ACCESS) WAS SIGNED TO PRESERVE THE PLACEMENT IN A RETIREMENT COMMUNITY. THE ORDER WAS AGAIN SENT CERTIFIED RETURN RECEIPT REQUESTED TO RELATOR'S RESIDENCE. ONCE AGAIN THE RELATOR DID NOT PICK UP THE ORDER BUT DID RECEIVE THE ORDER FROM THE FACILITY. BY HER OWN AFFIDAVIT THE RELATOR RECEIVED TIMELY POSTDEPRIVATION NOTICE IN BOTH CASES AND HAS IN FACT AVAILED HERSELF OF THE OPPORTUNITY, IF INAPPROPRIEATELY, TO BE HEARD.*

Extraordinary Writs issue only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *Holloway v. Fifth Circuit of Appeals, 767 S.W. 2nd 680, 684 (Tex. 1989).* Mandamus is not a vehicle for extending.... deadlines, and it use for that purpose.... is counter to Texas public policy. *Florey, 329 S.W. 3rd 854, 858. Tex. App.- Eastland 2010.*

*RELATOR HAS MORE EFFICIENT REMEDIES AVAILABLE TO HER.*
*THE ORDER TO RESTRICT ACCESS IS NOW MUTE AND A MOTION TO VACATE DUE TO BEING MUTE WOULD BE A SIMPLE SOLUTION.*
*THE MOTION FOR NEW TRIAL, WHICH ESSENTIALLY CHALLANGED THE MOTION TO BAR ACCESS, COULD HAVE BEEN SET BY RELATOR FOR HEARING INSTEAD OF ALLOWING THE TIME TO RUN OUT.*
*THE ORDER TO BAR ACCESS DOES NOT REMOVE ANY RIGHTS, PRIVILEGES OR PROPERTY INTEREST FROM RELATOR AND THE RELATOR IS NOT A PARTY IN INTEREST*

7

*TO THE GUARDIANSHIP; THEREFORE RELATOR DOES NOT HAVE A RIGHT TO MANDAMUS THE HONORABLE CHRISTINE BUTTS.* [3]

---

[3]*It does seem obvious that if Relator had abided by the first order, there never would have been a need for the second order.*

# V. PRAYER

For the above reasons, Respondent respectfully requests the Court upon final hearing, deny the Relator's request for Writ of Mandamus directed to respondent, the Honorable Christine Butts.

Respectfully Submitted,

**LAW OFFICES OF MARCIA PEVEY**
**1001 West Loop South, Suite 809**
**Houston, Texas 77027**
**Tel: 713-526-9927**
**Fax: 713-623-2833**
**Marcia@PeveyLaw.com**

**Party in Interest**

9

# VI.   CERTIFICATIONS OF COMPLIANCE

## APPELLATE RULE 52.3 (J)

10.1   The undersigned counsel hereby certifies that she has reviewed Response to Petition for Writ of Mandamus and concludes that every factual statement in this petition is supported by competent evidence included in the appendix or record, as required by Appellate Rule 52.3 (j).

## APPELLATE RULE 9.4 (I)

10.2   The undersigned counsel hereby certifies that this document contains 2201 words, as indicated by the word-count function of the computer program used to prepare it, and excluding the caption, identity of the parties and counsel, table of contents, index of authorities, statement of the case, statement of the issues presented, statement of jurisdiction, prayer and signature, verification, certificates of compliance, appendix, and proof of service, as provided by Appellate Rule 9.4 (i).

## VII. VERIFICATION

**STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

BEFORE ME, the undersigned authority, on this day personally appeared Marcia Pevey, known to me to be the person whose name is subscribed to the foregoing instrument and who upon her oath stated as follows:

1. My name is Marcia Pevey. I am capable of making the affidavit. The facts in this affidavit are within my personal knowledge and are true and correct.

2. I am a party in interest in this case. I have reviewed this Response to Mandamus. All the factual statements made in the Response are within my personal knowledge and are true and correct.

3. I have also reviewed the Record in Support of this Response submitted simultaneously with the Response. The documents contained in the Record in Support are true and correct copies of the original documents.

_____
Marcia Pevey

**STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

SWORN TO AND SUBSCRIBED BEFORE ME BY MARCIA PEVEY on this 29th day of December 2014, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC OF TEXAS

ESTHER ROSS
Notary Public, State of Texas
My Commission Expires
June 20, 2015

11

## X.    CERTIFICATE OF SERVICE

13.1 I herby certify that a true copy of the above and foregoing Response to Petition for Writ of Mandamus was served on Respondent The Honorable Christine Butts and Craig Seldin at the addresses listed below in accordance with the Texas Rules of Appellate Procedure by certified mail, return receipt requested on this the _30_ day of December, 2014.

The Honorable Christine Butts
Harris County, Texas Probate Court No. 4
201 Caroline 7th Floor
Houston, TX 77002
Tel: 713-368-6767
Fax: 713-368-7171

Craig Seldin
TBN: 18005300
Law Offices of Craig Seldin PLLC
24 Sugarberry Circle, Houston, Texas 77024-7251
Tel: 713-622-4400
Fax: 713-622-7368

_____
Marcia Pevey
*Party in Interest*

12